IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS JERONE MURPHY,

    Petitioner,                   No. 2:12-cv-1563 GGH P

    vs.

MIKE BABCOCK, Warden,

    Respondent.             ORDER

_____/

Introduction

        Petitioner/movant, a federal prisoner proceeding pro se, has purportedly filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241; however, the application attacks a judgment made in United States District Court, Western District of Tennessee, Eastern Division. Petitioner has consented to the jurisdiction of the undersigned. Docket # 3. Petitioner/movant, tried jointly with several co-defendants, states that, subsequent to his 2003 conviction for possession of cocaine base with intent to distribute and aiding and abetting; possession of marijuana with intent to distribute and aiding and abetting; and conviction for being a convicted felon in possession of a firearm shipped in interstate commerce, he was

\\\\\

\\\\\

sentenced to a total term of 230 months.  Petition, pp. 6-7, 11.[1]  Petitioner appealed his conviction to the Sixth Circuit, which was affirmed in 2004; however, the matter was remanded for re-sentencing in light of United States v. Booker, [543 U.S. 220], 125 S. Ct. 738; thereafter, the same sentence was re-imposed in the Western District of Tennessee.  Petition at 3, 11.  Petitioner, on January 14, 2008, filed a motion for sentence reduction, pursuant to Title 18 U.S.C. § 3582(c)(2), and on August 18, 2008, the Western District Court reduced petitioner's sentence to196 months.  Id., at 12.  Petitioner also filed a motion a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Western District of Tennessee, raising ineffective assistance of counsel, which was denied on November 13, 2008.  Id., at 2.

        In the instant petition/motion, petitioner seeks to raise the following grounds: 1) "ineffective assistance of counsel in failing to properly preserve challenges to all sentencing enhancements"; 2) "mer[e] presence of firearm is not enough to establish possession of firearm during and in relation to a drug trafficking crime"; and 3) "actual innocent [sic] of the crime." Petition, at 4.

Analysis

        Generally, a motion pursuant to § 2255 is the appropriate vehicle by which to challenge a conviction.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), citing, inter alia, 28 U.S.C. § 2255.  See also, Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("[i]n general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention"), citing United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("holding that, in general, '[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241"). Importantly, the remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons.  Moore v. Reno, 185 F.3d 1054, 1055 (9th

---

[1] The court's electronic system's pagination is referenced.

Cir. 1999). Of critical importance here, only a sentencing court has jurisdiction over a § 2255 motion. 28 U.S.C. § 2255; Tripati, 843 F.2d at 1163.[2] If the petition is construed as a motion under § 2255, only the Western District of Tennessee has jurisdiction. If the petition is correctly brought under § 2241 (to attack the execution of sentence as opposed to its legality), the district of incarceration, the Eastern District of California, and not the Western District of Tennessee, is the proper place to bring the action. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

The Ninth Circuit has also held that because of the jurisdictional nature of the § 2255 inquiry, "a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Id.

Despite petitioner's protestations, he is attempting to invalidate his conviction, which is initially, at least, a § 2255 matter. The real issue becomes whether the § 2255(e) "savings clause" – "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"– could come into play, thereby permitting a § 2241 petition to be filed in its place. If such were permissible, this district, the district where petitioner is incarcerated, would be the proper place to bring the habeas petition.

Applications of the savings clause favorable to a petitioner/movant have been few and far between. "We have held that a motion meets the escape hatch criteria of § 2255 '"when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' Stephens, 464 F.3d at 898 (9th Cir.2006) (internal quotation marks omitted)." Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008). In Stephens, jury instructions which became arguably errant after a Supreme Court decision were an insufficient basis for an actual innocence claim. In Harrison, a clarifying decision by the Supreme Court, arguably

---

[2] "Because a section 2255 motion may be brought only in the sentencing court, the Arizona district court, under this approach, correctly dismssed for lack of jurisdiction." Tripati, 843 F.2d at 1163. The Seventh Circuit takes issue with the "jurisdictional nature" of the sentencing court having to hear the § 2255 motion. Harris v. Warden, 425 F.3d 386, 388 (7th Cir. 2005). However, the Ninth Circuit has held the matter jurisdictional, and that is the end of the matter for the undersigned.

favorable to petitioner in the sense that his conduct would not have implicated a federal crime, decided after petitioner had filed several previous § 2255 motions did not satisfy the procedural impediment hurdle because petitioner could have raised the claim regardless of the decision at issue. But see Alaimalo v. United States, 645 F.3d 1042 (9th Cir. 2011).

In this application petitioner avers that his counsel was ineffective for failure to preserve objections to his sentencing enhancements under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), Blakely v. Washington, 542 U.S. 961, 124 S. Ct. 2531 (2004), United States v. Booker/United States v. Fanfan, 543 U.S. 220, 125 S. Ct. 738 (2004). Petitioner's claim of actual innocence appears to be largely pretextual; nor does petitioner provide any rationale for why his claims could not have been brought in his earlier § 2255 motion in the Western District of Tennessee. Thus, even if this case is to be transferred to the Western District of Tennessee, it would appear to be a successive petition, but that would be a determination for the district court of conviction. (When a successive[3] petition has been filed, the district court has discretion to either transfer that petition to the court of appeals or dismiss the petition. United States v. Winestock, 340 F.3d 200 (4th Cir. 2003)(§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139-140 (3rd Cir. 2002)).

Although this court has addressed this matter despite petitioner's [movant's] failure to file in forma pauperis affidavit or to pay the required $5.00 filing fee (28 U.S.C. §§ 1914(a), 1915(a)), petitioner/movant must either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner/movant must show cause, within twenty-eight days, how there is any basis for this court's jurisdiction over this matter;

---

[3] In the terms of the statute, "successive" means either that a petition with the same issue as contained in a previous petition is being raised again, or that the petition contains an issue that should have been raised in a previous petition (formerly known as "abusive" petitions).

       2. Petitioner/movant shall submit, also within twenty-eight days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action;

       3. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district; and

       4. Failure to comply with any portion of this order will result in dismissal of this action.

DATED: August 13, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
murp1563.ord