1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  CURTIS JERONE MURPHY,

11              Petitioner,                    No. 2:12-cv-1563 GGH P

12        vs.

13  MIKE BABCOCK, Warden,

14              Respondent.            ORDER

15  _____/

16  Introduction

17          Petitioner/movant, a federal prisoner proceeding pro se, has purportedly filed an

18  application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 although the application

19  attacks a judgment made in United States District Court, Western District of Tennessee, Eastern

20  Division.   Petitioner/movant has consented to the jurisdiction of the undersigned.  Docket # 3.

21  By order filed on August 13, 2012, petitioner/movant [hereafter, for the sake of simplicity,

22  petitioner] was directed to show cause within twenty-eight days how there is any basis for this

23  court's jurisdiction over this matter.  Petitioner was also directed to provide an affidavit in

24  support of his request to proceed in forma pauperis or the appropriate filing fee.  Petitioner filed a

25  response to the show cause order on September 10, 2012, and court records indicate that, as of

26  September 11, 2012, the filing fee has been paid, thus discharging petitioner/movant's filing fee

                                       1

1   obligation.   However, after careful consideration, the undersigned concludes that this court lacks

2   jurisdiction to proceed in this case.

3            Petitioner was tried jointly before a jury with several co-defendants, and was

4   sentenced to a total term of 230 months subsequent to his 2003 conviction for: possession of

5   cocaine base with intent to distribute and aiding and abetting; possession of marijuana with intent

6   to distribute and aiding and abetting; possession of a firearm during and in relation to a drug

7   trafficking crime and aiding and abetting; and being a convicted felon in possession of a firearm

8   shipped in interstate commerce.   Petition, pp. 3, 6-7, 11.[1]

9            As the court has previously set forth:

10      Petitioner appealed his conviction to the Sixth Circuit, which was
        affirmed in 2004; however, the matter was remanded for re-
11      sentencing in light of United States v. Booker, [543 U.S. 220], 125
        S. Ct. 738; thereafter, the same sentence was re-imposed in the
12      Western District of Tennessee.  Petition at 3, 11.  Petitioner, on
        January 14, 2008, filed a motion for sentence reduction, pursuant
13      to Title 18 U.S.C. § 3582(c)(2), and on August 18, 2008, the
        Western District Court reduced petitioner's sentence to 196
14      months.  Id., at 12.  Petitioner also filed a motion []to vacate, set
        aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the
15      Western District of Tennessee, raising ineffective assistance of
        counsel, which was denied on November 13, 2008.  Id., at 2.
16
        In the instant petition/motion, petitioner seeks to raise the
17      following grounds: 1) "ineffective assistance of counsel in failing
        to properly preserve challenges to all sentencing enhancements"; 2)
18      "mer[e] presence of firearm is not enough to establish possession
        of firearm during and in relation to a drug trafficking crime"; and
19      3) "actual innocent [sic] of the crime."  Petition, at 4.

20   Order, filed on 8/13/12 (docket # 4),p. 2.

21            The court has also provided the previous analysis:

22      Generally, a motion pursuant to § 2255 is the appropriate vehicle
        by which to challenge a conviction.  Tripati v. Henman, 843 F.2d
23      1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), citing,
        inter alia, 28 U.S.C. § 2255.  See also, Lorentsen v. Hood, 223
24      F.3d 950, 953 (9th Cir. 2000) ("[i]n general, § 2255 provides the
        exclusive procedural mechanism by which a federal prisoner may
25

26      [1]  The court's electronic system's pagination is referenced.

2

test the legality of detention"), citing United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("holding that, in general, '[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241"). Importantly, the remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999). Of critical importance here, only a sentencing court has jurisdiction over a § 2255 motion. 28 U.S.C. § 2255; Tripati, 843 F.2d at 1163.[2] If the petition is construed as a motion under § 2255, only the Western District of Tennessee has jurisdiction. If the petition is correctly brought under § 2241 (to attack the execution of sentence as opposed to its legality), the district of incarceration, the Eastern District of California, and not the Western District of Tennessee, is the proper place to bring the action. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

The Ninth Circuit has also held that because of the jurisdictional nature of the § 2255 inquiry, "a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Id.

Despite petitioner's protestations, he is attempting to invalidate his conviction, which is initially, at least, a § 2255 matter. The real issue becomes whether the § 2255(e) "savings clause" – "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"– could come into play, thereby permitting a § 2241 petition to be filed in its place. If such were permissible, this district, the district where petitioner is incarcerated, would be the proper place to bring the habeas petition.

Applications of the savings clause favorable to a petitioner/movant have been few and far between. "We have held that a motion meets the escape hatch criteria of § 2255 '"when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' Stephens, 464 F.3d at 898 (9th Cir.2006) (internal quotation marks omitted)." Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008). In Stephens, jury instructions which became arguably errant after a Supreme Court decision were an insufficient basis for an actual innocence claim. In Harrison, a clarifying decision by the Supreme Court, arguably favorable to petitioner in the sense that his conduct

---

[2] "Because a section 2255 motion may be brought only in the sentencing court, the Arizona district court, under this approach, correctly dismissed for lack of jurisdiction." Tripati, 843 F.2d at 1163. The Seventh Circuit takes issue with the "jurisdictional nature" of the sentencing court having to hear the § 2255 motion. Harris v. Warden, 425 F.3d 386, 388 (7th Cir. 2005). However, the Ninth Circuit has held the matter jurisdictional, and that is the end of the matter for the undersigned.

1
2
3

would not have implicated a federal crime, decided after petitioner
had filed several previous § 2255 motions [that he] did not satisfy
the procedural impediment hurdle because petitioner could have
raised the claim regardless of the decision at issue.  But see
Alaimalo v. United States, 645 F.3d 1042 (9th Cir. 2011).

4
5
6
7
8
9
10
11
12

In this application petitioner avers that his counsel was ineffective
for failure to preserve objections to his sentencing enhancements
under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348
(2000), Blakely v. Washington, 542 U.S. 961, 124 S. Ct. 2531
(2004), United States v. Booker/United States v. Fanfan, 543 U.S.
220, 125 S. Ct. 738 (2004).  Petitioner's claim of actual innocence
appears to be largely pretextual; nor does petitioner provide any
rationale for why his claims could not have been brought in his
earlier § 2255 motion in the Western District of Tennessee.   Thus,
even if this case is to be transferred to the Western District of
Tennessee, it would appear to be a successive petition, but that
would be a determination for the district court of conviction.
(When a successive[3] petition has been filed, the district court has
discretion to either transfer that petition to the court of appeals or
dismiss the petition.  United States v. Winestock, 340 F.3d 200 (4th
Cir. 2003)(§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139-
140 (3rd Cir. 2002)).

13  Order at docket # 4, pp.  2-4.

14        In his response to the show cause order, petitioner contends that he is actually

15  innocent, has not had an unobstructed opportunity to bring that claim earlier and, in addition, he

16  asserts that his petition meets the test set forth under Bousley v. United States, 523 U.S. 614,

17  623, 118 S. Ct. 1604 (1998), which requires that petitioner demonstrate in light of all the

18  evidence that it is more likely than not that no reasonable juror would have convicted him.  See

19  Reply Memorandum at docket # 6.

20        Petitioner's claim of innocence goes only as to his conviction on count three,

21  possession of a firearm during and in relation to a drug trafficking crime and aiding and abetting,

22  for which he is to serve a consecutive sentence of 60 months to his sentence to be served

23  concurrently as to counts one, two and six (136 months for count one, 60 months for count two

24

---

25        [3]In the terms of the statute, "successive" means either that a petition with the same issue as
contained in a previous petition is being raised again, or that the petition contains an issue that
26  should have been raised in a previous petition (formerly known as "abusive" petitions).

4

1   and 120 months for count six) for a total of 196 months.  Petition, pp. 6-7, 11-12.

2          Petitioner contends that he is not guilty of having violated 18 U.S.C. § 924(c)(1)[4]

3   in light of Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501 (1995), and that he could not

4   bring his claim in another § 2255 motion because such a second or successive motion forecloses

5   his ability to bring a statutory challenge.  Docket # 6.

6          Petitioner, however, does not make a threshold showing of actual innocence in his

7   claim that he could not be convicted under § 924(c) because there was no evidence showing

8   anything beyond mere presence of a firearm which is not enough to establish possession of a

9   firearm in relation to a drug trafficking crime.  It is true that under Bailey, the United States

10  Supreme Court held that "§ 924(c)(1) requires evidence sufficient to show an *active employment*

11  of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the

12

13  [4] (A) "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that

14  provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a

15  firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

16      (I) be sentenced to a term of imprisonment of not less than 5 years;
        (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7

17  years; and
        (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10

18  years.
    (B) If the firearm possessed by a person convicted of a violation of this subsection--

19      (I) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or

20      (ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.

21  (C) In the case of a second or subsequent conviction under this subsection, the person shall--
        (I) be sentenced to a term of imprisonment of not less than 25 years; and

22      (ii) if the firearm involved is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, be sentenced to imprisonment for life.

23  (D) Notwithstanding any other provision of law--
        (I) a court shall not place on probation any person convicted of a violation of this subsection;

24  and
        (ii) no term of imprisonment imposed on a person under this subsection shall run

25  concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm

26  was used, carried, or possessed."  18 U.S.C. § 924(c)(1) (West).

1   predicate offense." Bailey v. United States, 516 U.S. at 143, 116 S. Ct. at 505 [emphasis in

2   original].  However, the Supreme Court has since recognized that the holding of Bailey has been

3   superseded by amendment to that statute in 1998.  Abbot v. United States, __ U.S. __, 131 S. Ct.

4   18 (2010).

5           The 1998 alteration  responded primarily to our decision in *Bailey*
        *v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472
6       (1995).  In proscribing "use" of a firearm, *Bailey* held, § 924(c)(1)
        did not reach "mere possession" of the weapon. *Id*., at 144, 116
7       S.Ct. 501.  Congress legislated a different result; in the 1998
        revision, "colloquially known as the Bailey Fix Act," the
8       Legislature brought possession within the statute's compass. *United*
        *States v. O'Brien*, 560 U.S. ___, 130 S.Ct., at 2179 (2010) (internal
9       quotation marks omitted).

10  Abbott v. United States, 131 S. Ct. at 25.

11          Thus, on the face of it, petitioner, convicted in 2003, long after the 1998 revision

12  of § 924(c)(1), does not make a threshold showing that his conviction under that statutory

13  provision was based on evidence that did not constitute a criminal offense.  Further, petitioner is

14  correct that under 28 U.S.C. § 2255(h), a second or successive motion may only be authorized by

15  the appropriate circuit court of appeals if it should contain:

16          1) newly discovered evidence that, if proven and viewed in the
        light of the evidence as a whole, would be sufficient to establish by
17      clear and convincing evidence that no reasonable factfinder would
        have found the movant guilty of the offense; or
18

19      (2) a new rule of constitutional law, made retroactive to cases on
        collateral review by the Supreme Court, that was previously
        unavailable.
20

21  However, petitioner makes no showing on the basis of a pre-1998 incarnation of the statutory

22  provision which he evidently seeks to challenge herein why he could not have brought such a

23  challenge to his conviction/sentence in his original § 2255 motion ultimately denied in 2008.

24  Petitioner does not make the requisite showing to proceed with a § 2241 petition in this court

25  under the § 2255(e) savings clause.  The claim here can only be viewed in the successive § 2255

26  \\\\\

1   context, one for which this non-sentencing court has no jurisdiction.[5]  That petitioner may not be

2   authorized to proceed on such a petition is not a sufficient basis to proceed in this court under §

3   2241.

4           Accordingly, IT IS HEREBY ORDERED that:

5           1.  Petitioner/movant has discharged his filing fee obligation; and

6           2.  The petition is dismissed for lack of jurisdiction.

7   DATED: November 20, 2012

8
                                    /s/ Gregory G. Hollows
9                           UNITED STATES MAGISTRATE JUDGE

10
    GGH:009
11  murp1563.ord2

12

13

14

15

16

17

18

19

20
    _____
21          [5] It appears that petitioner has already sought to proceed on his putative "actual innocence"
    claim by way of § 2255 and that the § 2255 motion he identified in the instant petition was only his
22  first such motion. The Sixth Circuit in denying petitioner authorization to proceed on a second or
    successive § 2255 motion stated, in part: "Murphy cannot make the requisite prima facie showing.
23  He has alleged no newly discovered evidence, and he has not demonstrated that a new rule of
    constitutional law applies to his case.  Rather, Bailey was decided in 1995; Murphy was not
24  convicted until 2003.  Thus, Murphy has failed to make a demonstration sufficient for this court to
    grant him permission to file a second or successive petition."  See Order, filed on 12/22/09 in Case
25  No. 1:08-cv-01018-JDT-egb, of which this court takes judicial notice. (Judicial notice may be taken
    of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd,
26  645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)).